# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------- X
                                                                             :

RICKEY ELY, Derivatively on Behalf of Nominal  :
Defendant NEWLINK GENETICS CORPORATION,  :
                                                         :    Case No. 1:17-cv-03799
        Plaintiff,                                   :
                                                         :    HON. WILLIAM H. PAULEY, III
        vs.                                                :
                                                         :

CHARLES J. LINK, JR., THOMAS A. RAFFIN,    :
PAUL R. EDICK, PAOLO PUCCI, JOSEPH          :
SALURI, ERNEST J. TALARICO, III, NICHOLAS :
VAHANIAN and LOTA S. ZOTH,                           :
                                                         :
        Defendants,                                 :
and                                                             :
                                                         :

NEWLINK GENETICS CORPORATION,                 :
        Nominal Defendant.                      :
                                                         :
------------------------------------------- X

## SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF SHAREHOLDER DERIVATIVE ACTION

TO:  ALL RECORD HOLDERS AND BENEFICIAL OWNERS OF COMMON STOCK OF NEWLINK GENETICS CORPORATION[1] ("NEWLINK" OR THE "COMPANY") AS OF MAY 21, 2021

YOU ARE HEREBY NOTIFIED that the United States District Court for the Southern District of New York has preliminary approved a proposed Settlement[2] of the above-captioned stockholder derivative action (the "Derivative Action" or "Action"), that, if finally approved, will fully and completely release the claims of Company stockholders asserted in the Derivative Action.

Pursuant to an Order of the Court, a telephonic hearing will be held on _____, 2021, at _____, before the Honorable William H. Pauley, III, for the purpose of determining: (i) whether the terms of a proposed settlement of the above-captioned action, in accordance with the Stipulation and Agreement of Settlement entered into by the Parties, dated May 21, 2021 (the "Stipulation") are fair, reasonable, and adequate, and in the best interests of the Company, and should be finally approved; (ii) whether the Notice of Pendency and Proposed Settlement of Shareholder Derivative Action ("Notice") fully satisfies the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and due process; (iii) whether the Judgment should be entered dismissing the above-captioned matter with prejudice, releasing the Released Persons from Plaintiff's Released Claims; (iv) whether the amount of attorneys' fees and expenses to be awarded to Plaintiff's Counsel is fair and reasonable; and (v) any other matters that come before the Court.  The dial-in number for the telephonic hearing is (___) ___-____.

---

[1] On March 18, 2020, NewLink Genetics Corporation completed a merger with Lumos Pharma, Inc.  The combined company assumed the name Lumos Pharma, Inc. and trades on Nasdaq under the symbol "LUMO."

[2] All capitalized terms not otherwise defined in this Summary Notice shall have the meaning provided in the Stipulation and Agreement of Settlement, dated May 21, 2021, which is available on the Company's website at https://investors.lumos-pharma.com/investor-relations.

Case 1:17-cv-03799-AJN-OTW   Document 29-3   Filed 06/03/21   Page 4 of 6

The Action alleges that certain current and former officers and members of the Company's board of directors (the "Board") caused NewLink to issue false statements in its 2016 proxy statement regarding risk management and compensation matters in violation of Section 14(a) of the Securities Exchange Act of 1934.  Plaintiff also claims the Defendants breached their fiduciary duties by causing or allowing the Company to make material misstatements or omissions related to the clinical trials and efficacy of a novel pancreatic cancer treatment, awarded themselves excessive compensation, engaged in illegal insider trading, and grossly mismanaged the Company.

The Settlement consists of the adoption by the Company of certain Corporate Governance Reforms that will confer a substantial benefit upon NewLink and its stockholders, providing for, *inter alia*: (i) Board independence reforms; (ii) Audit Committee reforms; (iii) Compliance Review Committee reforms; (iv) insider trading reforms; and (v) whistleblower reforms.  Defendants acknowledge and agree that, while existing policies and committees addressed some of the subject matter of the Corporate Governance Reforms, the changes and additions of the Corporate Governance Reforms resulted primarily from the filing, pendency, and settlement of the Derivative Action.  Defendants also acknowledge and agree that the Corporate Governance Reforms confer a substantial benefit to the Company and its shareholders.  In light of the substantial benefit conferred upon NewLink by Plaintiff's Counsel's efforts, the Company has agreed to pay $375,000 as attorneys' fees and expenses to Plaintiff's Counsel, subject to approval by the Court.

The Action is not a "class action" and no individual shareholder has the right to receive any direct recovery from the Settlement.  The Settlement, if approved by the Court, will fully and finally resolve the issues raised in the Action.  Upon entry of the Judgment, all of Plaintiff's

3

Released Claims against the Defendants shall be dismissed with prejudice and the Released Persons shall be released from Plaintiff's Released Claims.

If you have not already reviewed the full Notice and the Stipulation (along with its Exhibits), those documents are available on the Company's website at https://investors.lumos-pharma.com/investor-relations, and you are encouraged to review them.  This Summary Notice should be read in conjunction with, and is qualified by reference to, the full Notice and the Stipulation.

**If you are a record or beneficial holder of the Company's securities as of May 21, 2021, your rights will be affected by this Settlement, including the release and extinguishment of claims you may possess relating to your ownership interest in Company securities.**  Any Current Company Shareholder may make an objection and appear at the telephonic Settlement Hearing if he, she, or it has any reason why the Settlement of the Action embodied in the Stipulation should not be approved as fair, reasonable, and adequate, or why the Judgment should or should not be entered, or why the Fee and Expense Amount should not be awarded.  Shareholders cannot ask the Court to order a different settlement; the Court can only approve or reject the Settlement.

To object, the shareholder must file a written objection which sets forth: (1) the shareholder's name, address, and telephone number; (2) proof of current ownership of Company common stock, including the number of shares of Company common stock currently owned and the date of the shareholder's purchase of those shares; (3) the case name and number (*Ely v. Link, Jr. et al.*, Case No. 1:17-cv-03799); (4) a statement of the objection and the basis for the objection; and (5) any and all documentation or evidence in support of such objection, and the identities of any witnesses you intend to call at the Settlement Hearing.  Your objection must be

postmarked on or before _____, 2021 and sent to the Court; Plaintiff's Counsel; and Counsel for the Defendants at the following addresses:

| COURT: | FOR PLAINTIFF: | FOR DEFENDANTS: |
|---|---|---|
| Clerk of the Court<br>Daniel Patrick Moynihan<br>United States Courthouse<br>500 Pearl Street<br>New York, NY 10007 | Joshua M. Lifshitz<br>LIFSHITZ LAW FIRM, P.C.<br>1190 Broadway<br>Hewlett, NY 11557 | Sarah M. Lightdale<br>COOLEY LLP<br>55 Hudson Yards<br>New York, NY 10001 |

Any Current Company Shareholder who files and serves a timely, written objection in accordance with the instructions above may appear at the telephonic Settlement Hearing either personally or through counsel retained at the objector's expense. Any such objector need not attend the Settlement Hearing, however, in order to have the objection considered by the Court.

Any party who does not timely file and serve a notice of intention to appear in accordance with the above shall be foreclosed from raising any objection to the Settlement and shall not be permitted to appear at the telephonic Settlement Hearing, except for good cause shown. Any party who fails to object in the manner prescribed above shall forever be foreclosed from (a) making any objections to the fairness, adequacy, or reasonableness of the Settlement, or (b) making any objections to the fairness and reasonableness of the Fee and Expense Amount, but shall be forever bound by the Judgment to be entered, the dismissal of the Action with prejudice, and any and all of the releases set forth in the Stipulation.

If you have any questions about the Settlement, you may contact Plaintiff's Counsel at the address listed above, jml@jlclasslaw.com, or (516) 493-9780.

**PLEASE DO NOT CONTACT THE COURT, COURT CLERK'S OFFICE, OR DEFENDANTS REGARDING THIS NOTICE.**