# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------- X
                                            :
RICKEY ELY, Derivatively on Behalf of Nominal :
Defendant NEWLINK GENETICS CORPORATION, :
                                            :   Case No. 1:17-cv-03799
          Plaintiff,                        :
                                            :   HON. WILLIAM H. PAULEY, III
     vs.                                    :
                                            :
CHARLES J. LINK, JR., THOMAS A. RAFFIN,     :
PAUL R. EDICK, PAOLO PUCCI, JOSEPH          :
SALURI, ERNEST J. TALARICO, III, NICHOLAS   :
VAHANIAN and LOTA S. ZOTH,                  :
                                            :
          Defendants,                       :
                                            :
and                                         :
                                            :
                                            :
NEWLINK GENETICS CORPORATION,               :
                                            :
          Nominal Defendant.                :
                                            :
------------------------------------------- X

### [PROPOSED] PRELIMINARY APPROVAL AND SCHEDULING ORDER

WHEREAS, the Parties having made an application, pursuant to Federal Rule of Civil Procedure 23.1, for an order (i) preliminarily approving the proposed Settlement[1] of this Action in accordance with the Stipulation and Agreement of Settlement dated May 21, 2021, which, together with the Exhibits filed contemporaneously therewith, sets forth the terms and conditions for the proposed Settlement of the Action, and which provides for ultimate dismissal of the Action with prejudice, (ii) approving the form, content, and means of distribution of the Notice and Summary Notice, substantially in the form of Exhibits B and C to the Stipulation, and

---

[1] All capitalized terms not otherwise defined in this document shall have the meaning provided in the Stipulation and Agreement of Settlement, dated May 21, 2021.

(iii) setting a date for the telephonic Settlement Hearing before the Court to determine whether the proposed Settlement should be finally approved; and

WHEREAS the Settlement appears to be the product of serious, informed, non-collusive negotiations and falls within the range of possible approval; and

WHEREAS this Court, having considered the Stipulation and the Exhibits annexed thereto and the Parties' submissions in support of the motion for preliminary approval of the Settlement;

NOW THEREFORE, IT IS ORDERED:

1. The Court does hereby preliminarily approve as fair, reasonable, and adequate, subject to further consideration at the telephonic Settlement Hearing described below, the Stipulation and the terms of the Settlement set forth therein.

2. The final Settlement Hearing shall be held telephonically before this Court on _____, 2021 at _____, to: (1) determine whether the terms of the Settlement should be approved as fair, reasonable, and adequate; (2) consider any objections to the Settlement submitted in accordance with the Notice; (3) determine whether the Judgment finally approving the Settlement, substantially in the form of Exhibit E to the Stipulation, should be entered, dismissing the Action with prejudice and releasing Plaintiff's Released Claims against the Released Persons; (4) determine whether the requested Fee and Expense Amount for Plaintiff's Counsel and the Service Award to Plaintiff, if requested, which will be funded from the Fee and Expense Amount, should be approved; and (5) consider any other matters that may properly be brought before the Court in connection with the Settlement. The telephonic hearing shall be organized by an operator-conducted dial-in arranged by Plaintiff's Counsel, and the date, time, and dial-in information will be included in both the Notice and Summary Notice.

3. This Court approves, as to form and content, the Notice and Summary Notice, annexed as Exhibits B and C to the Stipulation, and finds that the filing of the Stipulation and distribution of the Notice substantially in the manner and form set forth in ¶ 3.2 of the Stipulation, meets the requirements of Federal Rule of Civil Procedure 23.1 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto of all matters relating to the Settlement. Non-material changes to the form of the Notice and Summary Notice made be made upon agreement by the Parties without further approval of the Court.

4. Within ten (10) business days of the Court's entry of this Preliminary Approval and Scheduling Order, the Company shall: (1) file a copy of the Notice (a copy of which is attached as Exhibit B to the Stipulation) and the Stipulation with the U.S. Securities and Exchange Commission as exhibits to a Form 8-K or other appropriate filing; (2) publish the Summary Notice (a copy of which is attached as Exhibit C to the Stipulation) via a press release in *Investor's Business Daily*; and (3) post a link to the Stipulation and the Notice on the investor relations portion of the Company's website, which posting shall be maintained through the date of the Settlement Hearing.

5. All costs incurred in the publication of the Notice shall be paid or caused to be paid by NewLink or its insurer.

6. Not later than fourteen (14) calendar days prior to the objection deadline in ¶ 9, _____, 2021, Plaintiff and Plaintiff's Counsel shall file with the Court their motion seeking final approval of the Settlement (which will include a declaration or affidavit from the Company that the Notice has been made and Summary Notice published in accordance with

paragraph 4 herein), the Fee and Expense Amount, and any Service Award to be funded therefrom in accordance with ¶ 5.5 of the Stipulation.

7. All Current Company Shareholders shall be bound by all orders, determinations, and judgments in the Action concerning the Settlement, whether favorable or unfavorable to Current Company Shareholders.

8. Pending final determination of whether the Settlement should be approved, neither Plaintiff or Plaintiff's Counsel, nor any Current Company Shareholders or other Persons, derivatively on behalf of the Company, shall commence or prosecute against any action or proceeding in any court or tribunal asserting any of Plaintiff's Released Claims against any of the Released Persons.

9. Any Current Company Shareholders and beneficial owners of common stock of the Company as of May 21, 2021, may object and/or appear and show cause if he, she, or it has any reason why the terms of the Settlement should not be approved as fair, reasonable, and adequate, or why the Judgment should not be entered thereon, or why the Fee and Expense Amount and Service Award should not be finally approved. To do so, the Current Company Shareholder must file a written objection which sets forth: (1) the shareholder's name, address, and telephone number; (2) proof of current ownership of Company common stock, including the number of shares of Company common stock currently owned and the date of the shareholder's purchase of those shares; (3) the case name and number (*Ely v. Link, Jr. et al.*, Case No. 1:17-cv-03799); (4) a statement of the objection and the basis for the objection; and (5) any and all documentation or evidence in support of such objection, and the identities of any witnesses he, she or it intends to call at the telephonic Settlement Hearing. Such objection must be postmarked

on or before _____, 2021 and sent to the Court; Plaintiff's Counsel; and Counsel for the Defendants at the following addresses:

| COURT: | FOR PLAINTIFF: | FOR DEFENDANTS: |
|---|---|---|
| Clerk of the Court<br>Daniel Patrick Moynihan<br>United States Courthouse<br>500 Pearl Street<br>New York, NY 10007 | Joshua M. Lifshitz<br>LIFSHITZ LAW FIRM, P.C.<br>1190 Broadway<br>Hewlett, NY 11557 | Sarah M. Lightdale<br>COOLEY LLP<br>55 Hudson Yards<br>New York, NY 10001 |

Plaintiff's Counsel shall promptly email Counsel for the Defendants copies of any objections received.

10. Any Current Company Shareholder who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the Fee and Expense Amount, as set forth in the Stipulation, unless otherwise ordered by the Court, but shall otherwise be forever bound by the Judgment to be entered, the dismissal of the Action with prejudice, and the releases set forth in the Stipulation.

11. All papers in response to any objections to the Settlement shall be filed with the Court and served at least seven (7) calendar days prior to the Settlement Hearing.

12. If the Settlement provided for in the Stipulation shall be approved by the Court following the Settlement Hearing, the Court shall enter a Judgment substantially in the form attached to the Stipulation as Exhibit E. The entry of a Judgment and the finality of any such judgment is not conditioned upon the approval by the Court of an award of attorneys' fees and costs to Plaintiff's Counsel, either at all or in any particular amount.

13. Pursuant to and in accordance with Local Civil Rule 67.1, the Clerk of the United States District Court for the Southern District of New York is directed to invest the $375,000

comprising the Fee and Expense Amount, which Defendants shall pay or cause to be paid per the Stipulation, into an interest-bearing escrow account maintained by the Court Registry Investment System ("CRIS") maintained for the United States District Court for the Southern District of New York (the "Escrow Agent").  The Clerk is further directed to provide Defendants with wiring instructions.  The Fee and Expense Amount, plus any and all interest earned thereon, shall be subject to the terms of the Stipulation.  Any interest earned on such monies shall be credited by the Escrow Agent to the Settlement.  In accordance with Section III.A of the Second Amended Order Regarding the Deposit and Investment of Registry Funds dated December 1, 2016, and Local Civil Rule 67.1, the Clerk of the Court is directed, without further order of this Court, to deduct from the income earned on such monies the fee authorized by the Judicial Conference of the United States as currently set by the Director of the Administrative Office. These funds shall only be withdrawn from the interest-bearing CRIS account pursuant to an order of this Court in accordance with the terms of the Stipulation.  The Released Persons shall have no responsibility or liability with respect to money deposited in the CRIS.

14. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

15. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered, or used in any way by the Parties as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing, or liability of the Parties or of the validity of any Released Claims; or (b) is intended by the Parties to be

used by any other person in any other actions or proceedings, whether civil, criminal, or administrative as evidence or otherwise. The Released Persons may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar, or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim; and any of the Parties may file the Stipulation and documents executed pursuant and in furtherance thereto in any action to enforce the Settlement.

16. If the Stipulation is disapproved, cancelled, breached, or terminated pursuant to its terms, or the Effective Date does not otherwise occur, then the Parties shall be restored to their respective positions in the Derivative Action as of the date immediately preceding the date of the Stipulation, unless the Parties mutually agree in writing to proceed with the Stipulation, and consistent with the applicable evidentiary rules, neither the existence of the Stipulation nor its contents shall be admissible in evidence or shall be referred to for any purpose in the Derivative Action or in any other proceeding; and the Stipulation shall not be deemed to prejudice in any way the respective positions of the Parties with respect to the Derivative Action or any other action.

17. Pending a final determination of whether the Settlement should receive final approval, the Action remains stayed, save for those activities and proceedings relating to this Stipulation and the Settlement.

18. The Court reserves the right to adjourn the date of the telephonic Settlement Hearing or modify any other dates set forth herein without further notice to Current Company Shareholders and retains jurisdiction to consider all further applications arising out of or

connected with the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Current Company Shareholders.

**IT IS SO ORDERED:**

DATED: _____    _____
                                                          THE HONORABLE WILLIAM H. PAULEY III
                                                          UNITED STATES DISTRICT JUDGE
                                                          SOUTHERN DISTRICT OF NEW YORK