# Cooley

Sarah M. Lightdale      Via ECF
T: +1 212 479 6874
slightdale@cooley.com

August 6, 2021

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

**Re:**    <u>*Ely v. Link, Jr. et al.*</u>**, 1:17-cv-03799-AJN-OTW**

Dear Judge Nathan:

Pursuant to the Court's July 28, 2021 Order (ECF No. 34), Plaintiff Rickey Ely ("Plaintiff"), Nominal Defendant NewLink Genetics Corporation ("NewLink"), and Defendants Charles J. Link, Jr., Thomas A. Raffin, Paul R. Edick, Paolo Pucci, Joseph Saluri, Ernest J. Talarico, III, Nicholas Vahanian, and Lota S. Zoth (collectively, the "Individual Defendants," and together with NewLink, the "Defendants") (collectively with Plaintiff, the "Parties"), respectfully write regarding the status of the above-referenced matter, recently reassigned to Your Honor from the late Hon. William H. Pauley III.

**<u>The Nature of the Case</u>**.  On May 12, 2016, a putative shareholder class action was filed in the United States District Court for the Southern District of New York captioned <u>Nguyen et al. v. NewLink Genetics Corp. et al.</u>, No. 16-cv-3545 (S.D.N.Y.) (the "Securities Class Action").  The Securities Class Action alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, related to a Phase 3 clinical trial for NewLink's lead product candidate algenpantucel-L (or HyperAcute Pancreas), a developmental therapeutic vaccine for the treatment of pancreatic cancer.  This matter has also been recently reassigned to Your Honor.

On May 19, 2017, Plaintiff initiated this shareholder derivative action (the "Derivative Action" or "Action") by filing a Verified Shareholder Derivative Complaint (the "Complaint") against Defendants asserting claims for violations of the federal securities laws, breach of fiduciary duty, unjust enrichment, abuse of control, gross mismanagement, and waste of corporate assets.  The Complaint alleges, among

# Cooley

The Honorable Alison J. Nathan
August 6, 2021
Page Two

other things, that the Individual Defendants caused NewLink to issue false statements in its 2016 proxy statement regarding risk management and compensation matters in violation of Section 14(a) of the Exchange Act and that the Defendants breached their fiduciary duties by causing or allowing NewLink to make material misstatements or omissions related to the clinical trials and efficacy of HyperAcute Pancreas, awarded themselves excessive compensation, engaged in illegal insider trading, and grossly mismanaged NewLink.

Because they involve substantially the same underlying subject matter, the Securities Class Action and this Action were designated as related by the Court on May 24, 2017.  Then, on June 26, 2017, the Action was stayed temporarily until the Securities Class Action was dismissed or otherwise finally resolved and such stay was continued on March 20, 2019.  ECF Nos. 24, 26.

On November 17, 2020, before the Action moved into formal discovery, representatives for plaintiffs in the Securities Class Action and the Derivative Action and Defendants engaged in a full-day mediation before Jed D. Melnick, Esq., a JAMS mediator.  Although the Parties did not reach an agreement at the mediation, they worked continuously towards a resolution, and on December 11, 2020, the Parties reached an agreement in principle regarding the material substantive terms of a settlement.  Then, on or about February 26, 2021, the Parties, with the assistance of Mr. Melnick, reached an agreement with respect to an award for Plaintiff's Counsel's attorneys' fees and expenses.

**Existing Deadlines and Motions**.  Thereafter, on June 3, 2021, the Parties filed a stipulation and agreement of settlement with accompanying exhibits, which provides for, inter alia, (i) Board independence reforms; (ii) Audit Committee reforms; (iii) Compliance Review Committee reforms; (iv) insider trading reforms; and (v) whistleblower reforms (the "Settlement").  ECF No. 29.  The same day, Plaintiff filed an unopposed motion for preliminary approval of the Settlement, which remains pending before the Court. ECF Nos. 30–32.  Such motion requests that the Court enter the Preliminary Approval Order filed at ECF No. 30-1: (i) granting preliminary approval of the Settlement set forth in the stipulation; (ii) approving the form and content of the Notice of Proposed Settlement of Shareholder Derivative Action; and (iii) setting a



The Honorable Alison J. Nathan
August 6, 2021
Page Three

date for the hearing to consider final approval of the Settlement.  The Parties respectfully request that the Court adjudicate this pending unopposed motion for preliminary approval of the Settlement at the Court's earliest convenience.

Although there are no pending deadlines in this Action, in connection with preliminary approval of the Settlement, the Parties request that the Court establish the date by which:  (i) notice of the Settlement will be given to NewLink shareholders; (ii) NewLink's shareholders may object to the Settlement; and (iii) the Settlement Hearing shall occur.  Plaintiff's motion sets forth the following proposed schedule for these deadlines:

| | |
|---|---|
| Notice filed with the SEC and posted on the NewLink website, and summary notice published in *Investor's Business Daily* | Within 10 business days after entry of the Preliminary Approval Order |
| Deadline for opening briefs and supporting documents in support of final approval of the Settlement | At least 14 calendar days prior to the deadline for NewLink shareholders to object to the Settlement |
| Deadline for NewLink shareholders to object to the Settlement | At least 14 calendar days before the Settlement hearing |
| Deadline for Parties to file papers in support of the Settlement and responses to shareholder objections | At least 7 calendar days before the Settlement hearing |
| Settlement hearing | At least 45 calendar days after entry of the Preliminary Approval Order |

ECF No. 31 at 18.

Finally, there have been no other motions made and there are no pending appeals in this Action.

Respectfully submitted,

/s/ *Sarah M. Lightdale*
Sarah M. Lightdale
**COOLEY LLP**
55 Hudson Yards
New York, NY 10001-2157
Telephone: (212) 479-6000

Counsel for Defendants

/s/ *Joshua M. Lifshitz*
Joshua M. Lifshitz
**LIFSHITZ LAW FIRM, P.C.**
1190 Broadway
Hewlett, New York 11557
Telephone: (516) 493-9780

Counsel for Plaintiff