UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------- X
                                            :
RICKEY ELY, Derivatively on Behalf of Nominal :
Defendant NEWLINK GENETICS CORPORATION, :
                                            :          Case No. 1:17-cv-03799
            Plaintiff,                      :
                                            :
            vs.                             :          HON. ALISON J. NATHAN
                                            :
CHARLES J. LINK, JR., THOMAS A. RAFFIN,     :
PAUL R. EDICK, PAOLO PUCCI, JOSEPH          :
SALURI, ERNEST J. TALARICO, III, NICHOLAS   :
VAHANIAN and LOTA S. ZOTH,                  :
                                            :
            Defendants,                     :
and                                         :
                                            :
                                            :
NEWLINK GENETICS CORPORATION,               :
            Nominal Defendant.              :
                                            :
                                            :
------------------------------------------- X

## (PROPOSED) FINAL JUDGMENT

This matter came before the Court for hearing on November 2, 2021, to consider

approval of the proposed settlement ("Settlement") set forth in the Stipulation and Agreement of

Settlement dated May 21, 2021, and the Exhibits thereto (the "Stipulation").  The Court has

reviewed and considered all documents, evidence, objections (if any), and arguments presented

in support of or against the Settlement and Plaintiff's application for a Fee and Expense Amount.

Due and adequate notice having been given to Current Company Shareholders of NewLink

Genetics Corporation[1] ("NewLink" or the "Company") and good cause appearing therefore, the Court enters this Final Order and Judgment ("Judgment").

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

This Judgment incorporates and makes a part hereof the Stipulation filed with this Court on June 3, 2021 (ECF No. 29), and all capitalized terms used herein shall have the same meanings set forth in the Stipulation.

This Court has jurisdiction over the subject matter of the Action and over all parties to the Action.

This Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable, and adequate to each of the Parties, the Company, and Current Company Shareholders, and hereby finally approves the Settlement in all respects and directs the Parties to perform the terms of the Settlement as set forth in the Stipulation to the extent the Parties have not already done so.

This Action and all claims contained therein are hereby dismissed with prejudice and without costs to the Parties, except as otherwise provided below.

The releases set forth in Section 4 of the Stipulation, together with the definitions contained in the Stipulation relating thereto, are expressly incorporated herein by reference. Accordingly, this Court orders that upon the Effective Date, Plaintiff (individually and derivatively on behalf of NewLink), NewLink, any other Current Company Shareholders on behalf of NewLink, and Plaintiff's Counsel shall be deemed to have fully, finally, and forever released, relinquished, and discharged all Plaintiff's Released Claims (including Unknown

---

[1] On March 18, 2020, NewLink Genetics Corporation completed a merger with Lumos Pharma, Inc. The combined company assumed the name Lumos Pharma, Inc. and trades on Nasdaq under the symbol "LUMO."

Claims) against the Released Persons.  Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

Upon the Effective Date hereof, Plaintiff (individually and derivatively on behalf of NewLink), NewLink, any other Current Company Shareholders on behalf of NewLink, and Plaintiff's Counsel are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Plaintiff's Released Claims against any of the Released Persons as set forth in and in accordance with the terms of the Stipulation.  Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

Upon the Effective Date, each of the Released Persons shall be deemed to have fully, finally, and forever released, relinquished, and discharged Plaintiff and Plaintiff's Counsel from any and all Defendants' Released Claims.  Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

The Court finds that the Notice of Pendency and Proposed Settlement of Shareholder Derivative Action ("Notice") was given in accordance with the Preliminary Approval and Scheduling Order entered on August 10, 2021, and that such Notice was reasonable, constituted the most practicable notice under the circumstances to Current Company Shareholders, and complied with the requirements of Federal Rule of Civil Procedure 23.1 and due process.

The Court hereby approves the Fee and Expense Amount and directs payment of the Fee and Expense Amount in accordance with the terms of the Stipulation.

The Court hereby approves the Service Award of $3,000 for Plaintiff to be paid by Plaintiff's Counsel from the Fee and Expense Amount in recognition of Plaintiff's participation and efforts in the prosecution of the Action.

No proceedings or Court order with respect to the award of attorneys' fees, costs, and/or expenses to Plaintiff's Counsel shall in any way disturb or affect this Judgment (including precluding the Judgment from becoming Final or otherwise being entitled to preclusive effect), and any such proceedings or Court order shall be considered separate from this Judgment.

During the course of the litigation of the Action, all Parties and their respective counsel at all times acted in good faith and complied with the requirements of Federal Rule of Civil Procedure 11 and all similar rules or provisions.

Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, is or may be deemed to be or may be used as: (a) an admission of, or evidence of, the validity of any Plaintiff's Released Claim or any wrongdoing or liability of the Defendants, or the Court's jurisdiction over the Released Persons for purpose of Plaintiff's Released Claims or for any other purpose; (b) an admission or concession by Plaintiff or any Company shareholder of any infirmity in the claims asserted in the Complaint; or (c) an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Released Persons may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, equitable estoppel, judicial estoppel, release, good-faith settlement, judgment bar, or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement; and (b) all Parties and the Parties' counsel hereto for the sole purpose of construing, enforcing, and administering the

Stipulation and this Judgment, including, if necessary, setting aside and vacating this Judgment, on motion of a Party, to the extent consistent and in accordance with the Stipulation if the Effective Date fails to occur in accordance with the Stipulation.

There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

**IT IS SO ORDERED:**

DATED: _____        _____
                                    THE HONORABLE ALISON J. NATHAN
                                    UNITED STATES DISTRICT JUDGE
                                    SOUTHERN DISTRICT OF NEW YORK